UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-80850-CIV-MARRA/JOHNSON

KB HOME, a Delaware corporation
and KB HOME Treasure Coast LLC, a
Delaware Limited Liability Company

       Plaintiffs,

vs.

ST. PAUL MERCURY
INSURANCE COMPANY,
 a foreign corporation,

       Defendant.
_____/

## OPINION AND ORDER

      This cause is before the Court upon Plaintiffs KB Home and KB Home Treasure Coast

LLC's Motion for Partial Summary Judgment (DE 33) and Defendant St. Paul Mercury Insurance

Company's Cross Motion for Summary Judgment (DE 47).  The Court held oral argument on

November 20, 2008.  The Court has carefully considered the arguments of counsel and the

motions and is otherwise fully advised in the premises.

      I.  Background

      The facts, as culled from affidavits, exhibits, depositions, answers, answers to

interrogatories and reasonably inferred therefrom, for the purpose of this motion, are as follows:

      Defendant St. Paul Mercury Insurance Company ("Defendant") issued to Plaintiffs KB

Home and KB Home Treasure Coast LLC ("Plaintiffs") an Employment Practices Liability

Policy of Insurance, identified as Policy Number 594CM1421. (Policy, Ex. B, attached to DE

33.)  The policy provides coverage for certain "claims" made during the policy period which was

from April 15, 2006 to April 15, 2007. (Section I, Policy.)  Plaintiffs paid all premiums due on

the policy. (Deborah Broom Aff. ¶ 3, Ex. C, attached to DE 33.)  In the application for insurance,

Plaintiffs disclosed certain specific pending claims, and further stated:

> In the ordinary course of business and with its current employee base of more than 6,000
> U.S. based employees, the Company acknowledges that it faces other claims related to
> employment practices before federal, state or local agencies or the courts. However, at the
> current time, the Company believes that it does not currently have any claim, which it
> believes could reasonably be expected to impact the deductible under the current policy.

(Application, Ex. A, attached to DE 33.)

Subsequently, Plaintiffs sought coverage from Defendant for certain claims asserted by

four Treasure Coast employees, Debra Crowley, Tiffany Holland, Diana Leever and Lindsey

Caron.[1]  (Employees' Charges, Ex. D, attached to DE 33.)   Defendant denied Plaintiffs' claim

for insurance coverage.  In denying Plaintiffs' claims, Defendant stated that Ms. Crowley's claim

was commenced prior to the policy period which began on April 15, 2006.  Defendant denied the

remaining three claims under the policy's provision that provides "all claims arising out of the

same Wrongful Employment Practices and all Interrelated Wrongful Employment Practices shall

be deemed one claim and such claim shall be deemed to be first made on the date of the earliest

of such claim is first made against them, regardless of whether such date is before or during the

Policy Period."  An interrelated wrongful employment practice is defined as "all Wrongful

Employment Practices that have as a common nexus any fact, circumstance, situation, event,

transaction, cause or series of related facts, circumstances, situations, events, transactions or

causes."  (Denial Letter, Ex. E, attached to DE 33; Sections IV-I and VI-A, Policy.)

---

[1] Ms. Caron filed her charge on October 5, 2006, Ms. Holland filed her charge on March
7, 2007 and Ms. Leever filed her charge on September 26, 2006. (Employees' Charges.)

Plaintiffs ultimately settled each of these employees' claims. (David Simmons Dep. at 153-58.)

The policy states that Defendant must pay on behalf of Plaintiffs any "[l]oss for which the Insureds become legally obligated to pay on account of any Claim first made against them, individually or otherwise, during the Policy Period or, if exercised, the Discovery Period, for a Wrongful Employment Practice taking place before or during the Policy Period." (Section I, Policy.)  A "claim" is defined in the policy as "an administrative or arbitration proceeding against any Insured commenced by the Insured's receipt of a complaint, notice of charges, arbitration petition, formal investigative order or similar document." (Section IV.B, May 8, 2006 endorsement, Policy.)

Ms. Crowley filed a charge of discrimination against Plaintiffs with the Broward County Civil Rights Division on March 7, 2006, alleging discrimination from March 2005 through June 2005. (Crowley's Broward County Charge.)  Under a work-sharing agreement between Broward County Civil Rights Division and the Equal Employment Opportunity Commission ("EEOC"), Ms. Crowley's charge was dual-filed with both agencies.[2] (Id.; James Crown Dep. at 15-16, Ex. G, attached to DE 33.)   This work-sharing agreement was entered into in August of 2004 and stated that "[i]n order to facilitate the assertion of employment rights, the EEOC and [Broward County Civil Rights Division] each designate each other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agent that initially

---

[2] Ms. Crowley's charge states that she wanted the charge to be filed with both the EEOC and the applicable state or local agencies. The charge provides an EEOC and Broward County Civil Rights Division case number.  (Crowley Charge.)

receives the charges." (Manuel Zurita Aff. ¶ 5, attached to DE 47-2.)  Thus, the Broward County Civil Rights Division was authorized by the EEOC to accept Ms. Crowley's charge of discrimination for dual-filing on March 7, 2006 and Ms. Crowley's charge was deemed filed with the EEOC on March 7, 2006. (Id. at ¶ 6.)

On March 13, 2006, Plaintiff KB Home Treasure Coast, LLC received Ms. Crowley's charge of discrimination from the Broward County Civil Rights Division, along with a letter. (Broom Dep. 33-34; Crown Dep. 31, 37.)   That letter stated that a complaint of employment discrimination had been filed against Plaintiffs and referenced both the EEOC and the Broward County Civil Rights Division case number. The letter also stated that the Broward County Civil Rights Division would be forwarding the charge to the EEOC for "initial processing because the alleged issues of discrimination are outside the jurisdiction of the Broward County Human Rights Act." Lastly, the letter informed Plaintiffs that the charge was filed under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. The letter was written by Mr. James P. Crown, Investigative Supervisor. (Letter to Plaintiffs, Ex. F, attached to DE 33.)

Mr. Crown testified that the Broward County Civil Rights Division did not initiate any investigation of the complaint filed by Ms. Crowley beyond review of proper jurisdiction because the Broward County Civil Rights Division did not have geographical jurisdictional authority to investigate Ms. Crowley's complaints. (Crown Dep. 36-37, 41-42, 49.)  Once Mr. Crown forwarded the charge to the EEOC, his responsibilities with the file ended. (Crown Dep. 50, 52.) The EEOC sent Plaintiffs a copy of the EEOC Notice of Discrimination regarding Ms. Crowley. The Notice was dated May 3, 2006.  Attached to that notice was Ms. Crowley's charge of discrimination filed with Broward County Civil Rights Division. (EEOC Notice, Ex. D, attached

to DE 33.)

Ms. Caron, Ms. Crowley and Ms. Leever each testified by way of deposition that their claims of sexual harassment related in part to a company function at the Ocean Grille restaurant and events that transpired on the same evening, June 24, 2005. (Caron Dep. 20-21; Crowley Dep. 27-29; Leever Dep. 12, 14.)  Specifically, each of these complainants testified that other employees and managers discussed plans to go to a strip club.  (Caron Dep. 19; Crowley Dep. 26l Leever Dep. 11.)  Ms. Crowley and Ms. Leever did not go to the club, although Ms. Leever did feel pressure to go to the club.  (Crowley Dep. 17; Leever Dep. 11.)  Ms. Caron testified that she was taken to the club under the mistaken impression that she was being taken to a bar.  (Caron Dep. 21.)  The very next work day after the Ocean Grille event, the division president remarked at a meeting that Ms. Crowley should "keep [her] clothes on," a comment overheard by Ms. Caron.  (Caron Dep. 60; Crowley Dep. 17.)   Ms. Crowley was "horrified" because she had not gone to the strip club.  (Crowley Dep. 17.) The charge filed by Ms. Crowley alleged sex discrimination from the period of March 2005 through June 2005.  (Crowley Charge.)

Ms. Holland began working for Plaintiffs in June of 2005 and alleged discrimination based on race, color, sex, national origin and retaliation. (Holland Florida Commission on Human Relations Charge; Holland Dep. 9.)  Ms. Holland stated that she witnessed inappropriate sexual comments and gestures made towards Ms. Caron. (Holland Dep. 10,15.)   Lastly, Ms. Holland testified that she never worked with Ms. Crowley because Ms. Crowley had resigned prior to the commencement of Ms. Holland's employment with Plaintiffs (Holland Dep. 45.)

In moving for summary judgment, Plaintiffs seek a ruling that all four of these claims occurred during the coverage period of the policy.   Plaintiffs argue that the letter sent by the

Broward County Civil Rights Division regarding Ms. Crowley was not notice of a claim because it was not the initiation of a governmental or administrative proceeding. (Pl. Mot. at 10.)  In addition, Plaintiffs note that the Broward County Civil Rights Division did not take any action with respect to Ms. Crowley's complaint for jurisdictional reasons. (Pl. Mot. at 12.)  Plaintiffs also seek a ruling that these complaints are not interrelated as a matter of law.  In making this argument, Plaintiffs state that these four claims involve different time frames, locations, theories and allegations. (Pl. Mot. at 12.)

Defendant moves for summary judgment and argues that when Plaintiffs received notice of Ms. Crowley's charge in March of 2006, they were notified of the commencement of an administrative proceeding.  Ms. Crowley's claim was therefore not made during the policy period.  In making that argument, Defendant states that the Broward County Civil Rights Division was authorized to accept charges on behalf of the EEOC.  Moreover, Defendant contends that the claims filed by Ms. Caron, Ms. Holland and Ms. Leever are not covered under the policy because they are interrelated to Ms. Crowley's claim, and thus relate back to the date of Ms. Crowley's claim.

## II.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is

unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

III. Discussion

A.  Is Ms. Crowley's Charge of Discrimination a "Claim" under the Policy?

The Court finds, as a matter of law, that the filing of Ms. Crowley's charge with the Broward County Civil Rights Division constituted a claim under the Policy.  A claim is defined under the Policy as "an administrative or arbitration proceeding against any Insured commenced by the Insured's receipt of a complaint, notice of charges, arbitration petition, formal investigative order or similar document." (May 8, 2006 endorsement, section IV.B. Policy.)   The EEOC is the administrative agency responsible for accepting charges of employment discrimination and has authority to designate other agencies to accept charges of discrimination on its behalf. See 29 C.F.R. § § 1601.6, 1601.13.  Under a work-sharing agreement entered into between the Broward County Civil Rights Division and the EEOC, the Broward County Civil Rights Division was authorized by the EEOC to accept charges of discrimination for dual-filing. (Zurita Aff. ¶ ¶ 5-6.)

Here, Ms. Crowley filed her charge of discrimination against Plaintiffs with the Broward County Civil Rights Division on March 7, 2006.  Ms. Crowley's charge stated that she wanted it filed with both the EEOC and state and local agencies. Additionally, the charge was given an EEOC as well as a Broward County Civil Rights Division case number. Plaintiffs received notice of her charge when the Broward County Civil Rights Division forwarded Plaintiff KB Home Treasure Coast, LLC a letter dated March 8, 2006 which enclosed Ms. Crowley's charge, referenced the EEOC case number and stated that the charge was being forwarded to the EEOC. On the basis of this record, Ms. Crowley's charge constitutes a claim under the Policy. Significantly, there is no dispute that Ms. Crowley filed her charge with the Broward County

Civil Rights Division prior to the commencement of the policy period.  Thus, this claim is not covered under the policy.

The Court rejects Plaintiffs' arguments to the contrary.  Plaintiffs insist that the letter received by the Broward County Civil Rights Division was not a "formal investigative order" as mandated under the Policy.  (Pl. Resp. at 4.)   To be sure, the language of the Policy requires that the Insured receive a complaint, notice of charges, formal investigative order or similar document.  Here, Plaintiffs ignore the fact that Plaintiff KB Home Treasure Coast, LLC received more than a letter notifying them of the charge of discrimination.  Indeed, attached to that letter was Ms. Crowley's charge of discrimination. The Court is hard-pressed to see how receipt of the actual charge of discrimination filed with the EEOC under the work-sharing agreement does not fall under this provision of the Policy.  Likewise, the Court rejects Plaintiffs' argument that receipt of the charge is somehow negated by language in the letter explaining that Ms. Crowley's charge is outside of the jurisdiction of the Broward County Civil Rights Division.  It is precisely for this reason that the work sharing agreement was entered into between the EEOC and the Broward County Civil Rights Division.

For the reasons stated herein, the Court finds, as a matter of law, that Ms. Crowley's charge of discrimination constitutes a claim under the Policy.

B.  Are the Remaining Three Claims Interrelated to Ms. Crowley's Claim and Therefore Deemed to Predate the Policy?

The parties agree that if the Court were to determine that the remaining three claims were interrelated to Ms. Crowley's claim, those remaining claims would be deemed to predate the Policy.  Therefore, the only determination that the Court must make is whether these claims are

9

"interrelated wrongful employment practices;" i.e., practices that have "as a common nexus any fact, circumstance, situation, event, transaction, cause or series of related facts, circumstances, situations, events, transactions or causes." (Section IV(I), Policy.)

In advancing its argument that each of the former employees' claims are interrelated, Defendant states that "an analysis of the claims and deposition testimony reveals that a culture of sexual harassment and a hostile work environment was created by [Plaintiffs'] managers" and points to evidence that sexual harassment occurred at company functions. (Def. Mot. at 13-14.) In making this argument, Defendant relies on depositions of the four complainants taken in this case.  In response, Plaintiffs point to the charges of discrimination filed by each of the complainants and notes that they differ in terms of time frames and the legal theories advanced. (Pl. Resp. at 7.)  Plaintiffs also contend that the Court should not consider the deposition testimony and should limit its review to the charges of discrimination filed with the administrative agencies determining the interrelatedness of the claims.  (Pl. Resp. at 6, 8.)

Under California law,[3] an insurance contract is "interpreted to effectuate the mutual intent of the parties." Titan v. Aetna Casualty & Sur. Co., 27 Cal.Rptr.2d 476, 482 (Cal. Ct. App. 1994).  Intent is to be inferred from the written provisions of the contract, using the unambiguous meaning that a layperson would ascribe to contract language.  AIU Ins. Co. v. Superior Court, 799 P.2d 1253, 1264 (Cal. 1990).  When an insurance policy clearly excludes coverage, a court should not rewrite the insurance contract to impose coverage when none was contemplated. Titan, 27 Cal.Rptr.2d at 482.

---

[3] The parties agree that California law governs for the purpose of the summary judgment motion. (Def. Mot. at 2; Pl. Resp. at 10.)

Guided by these principles, the Court finds that the provision regarding interrelated wrongful employment practices is unambiguous.[4]  Furthermore, this provision excludes the coverage of the claims pursued by Ms. Caron and Ms. Leever.  The Court finds that Ms. Leever and Ms. Caron's claims share facts with Ms. Crowley's claim.  In discussing her claim against Plaintiffs, Ms. Crowley complained about sexual harassment stemming from her experience at the Ocean Grill dinner where other employees and managers discussed plans to visit a strip club. (Crowley Dep. 26.)  Although Ms. Crowley did not go to the strip club, she testified that, the next day at work, the division president made an inappropriate remark about "keeping her clothes on." (Crowley Dep. 17.)  Ms. Caron testified that she overheard this comment made to Ms. Crowley. (Caron Dep. 60.)  See Lyle v. Warner Bros. Television Productions, 132 P.3d 211, 224 (Cal. 2006) (hostile work environment claim may include evidence that the plaintiff personally witnessed harassment directed at others); Beyda v. City of Los Angeles, 76 Cal.Rptr.2d 547, 551 (Cal. Ct. App.1998) (evidence of harassment of persons other than the plaintiff is relevant to establish the existence of a hostile workplace as long as the plaintiff has personal knowledge of it). Ms. Caron also testified that she was taken to the strip club after the Ocean Grille event, although she believed she was being taken to a regular bar. (Caron Dep. 21.)  Likewise, Ms. Leever testified that she attended the Ocean Grille event and that she felt pressure to go to the strip club, although she did not do so. (Leever Dep. 11.)

Notably, under the policy, having at least one fact in common with Ms. Crowley's claim

---

[4] Plaintiffs do not argue that the provision is ambiguous. Instead, they state that a reasonable insured would not expect the four claims to be treated as a single claim. (Pl. Resp. at 11.)  Essentially, Plaintiffs' argument centers on the application, not the interpretation, of the policy.

results in a finding that the claims are interrelated. Therefore, the Court finds that these identified commonalities render the claims of Ms. Leever and Ms. Caron interrelated to Ms. Crowley's claim. Thus, they relate back to Ms. Crowley's claim and predate the policy period.

The same cannot be said of Ms. Holland's claim. Significantly, Defendant has failed to provide any "fact, circumstance, situation, event, transaction" shared between Ms. Crowley and Ms. Holland. The gravamen of Ms. Holland's claim included allegations of discrimination based on race, color and national origin due to the denial of promotions and training. Notably, Ms. Holland did not attend the Ocean Grille event.[5] Furthermore, there are significant differences in the time frame of the alleged discrimination between Ms. Crowley and Ms. Holland. Ms. Crowley alleged that she was discriminated against from March 2005 to June 2005, a three month period. In contrast, Ms. Holland did not begin working for Plaintiffs until June 2005, the very month in which Ms. Crowley resigned. Clearly, this time frame mitigates against a finding of interrelatedness.[6]

The Court rejects Plaintiffs' argument that the Court should not consider the deposition

_____

[5] Ms. Holland did testify that, at other times, she witnessed inappropriate sexual comments and gestures against Ms. Caron, not Ms. Crowley. To be sure, Ms. Holland's claim may be interrelated to Ms. Caron's claim and therefore, under the policy, arguably would relate back to the filing date of her claim on October 5, 2006. This date, however, is within the policy period. The fact that Ms. Caron claim relates back to Ms. Crowley's claim does not also make Ms. Holland's claim relate back to that earlier date. Under the policy, a claim can only relate back to an earlier claim with which it is interrelated.

[6] The Court disagrees with Defendant that the fact that all four complainants believed that the workplace culture was infused with sexual harassment is adequate under the policy to prove interrelatedness. The language of the policy requires that there are shared facts, circumstances, situations, events or transaction in order to show interrelatedness. A shared belief, or even knowledge by one claimant of wrongful conduct perpetrated against another claimant does not render the claims interrelated absent a fact or circumstance common to both claims.

evidence submitted by Defendant.  To determine interrelatedness, as required under the language

of the policy, it is necessary to look at the underlying facts of each of these claims.  While the

charging document may certainly provide relevant facts, it is not intended to be a complete

recitation of the complaining party's experience.  Furthermore, the terms or descriptions found in

the charging document are not controlling in the Court's determination of coverage under the

policy.  Instead, the language of the contract requires that the Court examine the actual facts that

support the claims.  That inquiry leads the Court to find, as a matter of law, that Ms. Caron and

Ms. Leever's claims interrelate to Ms. Crowley's claim. Thus, Defendant did not err in denying

coverage based on those claims since they relate back to a date that predates the policy period.

Coverage, however, does exist, as a matter of law, for Ms. Holland's claim which was filed

during the policy period and is not interrelated to the claim filed by Ms. Crowley's before the

policy period.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      Plaintiffs' Motion for Partial Summary Judgment (DE 33) is **GRANTED IN

PART AND DENIED IN PART.**

2)      Defendant's Cross Motion for Summary Judgment (DE 47) is **GRANTED IN

PART AND DENIED IN PART.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 17th day of December, 2008.

_____
KENNETH A. MARRA
United States District Judge

13

14